IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>KIMBERLY NOEL SORKILMO,<br><br>                      Debtor.<br><br>KIMBERLY NOEL SORKILMO,<br><br>                      Plaintiff,<br>vs.<br><br>COUNTRYWIDE HOME LOANS, INC.,<br><br>                      Defendant. | Chapter 13<br><br>No. 2-04-bk-20416-JMM<br><br>Adversary No. 2-05-ap-00311-JMM<br><br>**MEMORANDUM DECISION RE MOTION FOR SUMMARY JUDGMENT** |

After a review of the pleadings and exhibits filed by the parties, the court finds and concludes:

    1.    Any § 362(a) violation by the secured creditor was technical, and the creditor took prompt steps to place the Debtor in the *status quo*, pre-bankruptcy.

    2.    The Debtor did not establish a triable and genuine issue of fact that she was damaged monetarily by any such stay violation.

    3.    The Debtor's assertion that she was economically harmed by any breach of contract concerning the creditor's failure to timely provide a payoff was not supported by evidence requiring a trial, since it is undisputed that she sold the same property, one year after the alleged incidents, for an amount $124,500 higher than the previous purchase offers. Even with th payment of accrued interest over the course of that year, she still fared better, economically, by the substantial increase in the amount for which she eventually sold the property. Thus she suffered no economic harm worthy of compensable damage.

    4.    The Debtor failed to provide, by affidavit or any other competent evidence, that the Defendant breached its mortgage (deed of trust) contract with her by failing to provide a timely payoff

h:\wp\orders\

upon request. Therefore, Plaintiff/Debtor has failed to present a *prima facie* case or factual question which requires this court to proceed to a trial on the merits.

5. No genuine issue of material fact was raised by the Plaintiff/Debtor.

6. The Defendant herein is entitled to have summary judgment granted in its favor, and Plaintiff's case shall be dismissed.

7. A separate judgment is entered simultaneously herewith.

8. The current trial date of January 5, 2006, at 9 a.m. is vacated.

9. The motion to compel discovery is DENIED, as moot.

DATED: December 8, 2005.

JAMES M. MARLAR
UNITED STATES BANKRUPTCY JUDGE

1  COPIES served as indicated below this 8
   day of December 2005, upon:
2
   Kimberly Noel Sorkilmo
3  28201 North 60th Place
   Cave Creek, AZ 85331
4  U.S. Mail

5  Jeremy T. Bergstrom
   Miles Baur Bergstrom & Winters LLP
6  2270 Corporate Cr #110
   Henderson, NV 89074-7755
7  Email jbergstrom@mileslegal.com

8  Edward J. Maney
   P.O. Box 10434
9  Phoenix, AZ 85064-0434
   Chapter 13 Trustee
10 Email Edward.Maney@azbar.org

11 Office of the United States Trustee
   230 North First Avenue, Suite 204
12 Phoenix, AZ 85003-1706
   U.S. Mail
13

14 By MB Thompson
15    Judicial Assistant

16

17

18

19

20

21

22

23

24

25

26

h:\wp\orders\                                3